EXHIBIT A

FILED
Gary Harrison
CLERK, SUPERIOR COURT
9/11/2020 12:33:09 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20203041
HON. D. DOUGLAS METCALF

Goodnow | McKay
1825 E. Northern Ave., Ste. 135H,
Phoenix, AZ 85020
Phone: 602-900-1000
Fax: 602-900-8000
azminutes@goodnowmckay.com
Justin McKay 032491
James R. Dashiell 035816
*Attorneys for Johnathon Cross*

Arizona Superior Court, Pima County

| Johnathon Cross | Case No. C20203041 |
|---|---|
| Plaintiff | **First Amended Complaint** |
| v. | Tort – Non-Motor Vehicle |
| Empressive Candles, LLC, a Florida Limited Liability Company, and | Tier 2 |
| | (Assigned to the Hon. D. Douglas Metcalf) |
| Virginia Candle Supply, LLC a Tennessee Limited Liability Company, | |
| Defendants | |

Plaintiff alleges as follows:

**Parties**

1.     Plaintiff, Jonathon Cross ("John"), is an individual who, at all material times, resided in Pima County.

2.     Defendant, Empressive Candles, LLC ("Empressive"), is a Florida limited liability company, which, at all material times, was doing business as a manufacturer and retailer of customized candles at 4500 N. Oracle Rd., Tucson Mall, Tucson, AZ.

3.     Defendant, Virginia Candle Supply, LLC ("VCS") a Tennessee Limited Liability Company, is a Tennessee limited liability company, which, at all material times, was doing business as a manufacturer and wholesaler of gels, fragrances and other materials used by Empressive to manufacture and sell candles.

**Jurisdiction and Venue**

4.     At all material times, Empressive was doing business in Pima County.

1

5.     Plaintiff has been informed and believes that, at all material times, VCS was selling materials to Empressive that were used to make the customized candle (the "Candle") that is the subject of this case.

6.     The sale of the "Candle" took place at Empressive's place of business in Pima County.

7.     The accident, which is the subject of this lawsuit (the "Accident"), took place at Plaintiff's residence in Pima County.

8.     Defendant, Empressive, is a Florida LLC with its principal place of business in Jacksonville, FL. Accordingly, Empressive resides outside the State of Arizona.

9.     Defendant, VCS, is a Tennessee LLC with its principal place of business in Tennessee. Accordingly, VCS resides outside the State of Arizona.

10.     ARS 12-401(1) provides in relevant part: "When a defendant or all of several defendants reside without the state … the action may be brought in the county in which the plaintiff resides."

11.     Consequently, jurisdiction and venue are proper.

**The Product**

12.     On November 16, 2019, Plaintiff purchased the Candle for his mother, Lisa Thomas ("Lisa"), at Empressive.

13.     An accurate copy of the receipt for the Candle is attached as Exhibit 1.

**The Accident**

14.     In the evening of November 28, 2019, while at the home of her son, John, located at 3108 N Terrel Pl, Tucson, AZ 85716, Lisa Thomas lit the candle and laid down on the bed to relax.

15.     Shortly thereafter, Lisa noticed the smell of something burning, and saw the Candle engulfed in flames approximately two feet high.

16.     Lisa was unable to put out the flames herself and called John for help.

17.     John was successful in putting out the flames but, in the process, sustained serious and permanent injuries, including severe burns.

2

**Liability – Common Allegations**

18.     Lisa and Jonathon used the candle in a proper and reasonably foreseeable manner.

19.     Plaintiff sustained damages as described herein.

20.     Plaintiff's damages were caused by the defective design, manufacture and information provided by each of the defendants as set forth in Counts I and II below.

21.     Plaintiff's damages were caused by the concerted action of the defendants in knowingly and intentionally placing into the stream of commerce for economic gain to be derived ultimately from end-users, such as Plaintiff, a product and/or products, which they knew, or reasonably should have known, was unreasonably defective and unreasonably dangerous.

**Count I – Defective Design, Manufacture and Information – Empressive**

In Count I, Plaintiff makes the following claims against Empressive:

22.     At the time Plaintiff purchased the Candle, Empressive was, or reasonably should have been, aware of design, manufacturing and information defects in the Candle related to the increased flammability of the materials used to create it and other similar candles in its store.

23.     The design and manufacturing defects included, without limitation, the following:

      a.   The Candle contained too much fragrance relative to its other ingredients;

      b.   The fragrance used ignited at too low a temperature;

      c.   The fragrance was not compatible with the gel used to manufacture the Candle;

      d.   The mineral oil or other ingredients in the gel were too volatile and/or burned at too high a temperature;

      e.   The liquid gel resulting from the ignition of the fragrance and/or the mineral oil or other materials in the gel was excessively hot;

3

   f.  Any of the foregoing defects, or combination of them, could cause a
       spontaneous combustion of the type that caused the Accident.

24.   At the time Plaintiff purchased the Candle, Empressive was aware that the
Candle could behave in an unexpected way that could cause injury to Plaintiff.

25.   The information defects included, without limitation, the following:

   a.  At the time Plaintiff purchased the Candle, Empressive did not warn
       Plaintiff that the Candle could behave in an unexpected way.

   b.  At the time Plaintiff purchased the Candle, Empressive did not warn
       Plaintiff that the Candle could behave in an unexpected way that could
       cause injury to Plaintiff.

   c.  At the time Plaintiff purchased the Candle, Empressive did not warn
       Plaintiff that it was possible the Candle was more flammable than expected.

26.   Empressive is vicariously liable for the acts and omissions of its agents
acting within the course and scope of employment under the doctrine of Respondeat
Superior.

27.   Empressive is at fault for the design, manufacture and/or sale of a defective
and unreasonably dangerous product.

28.   Empressive manufactured and/or sold a product that was defective and
unreasonably dangerous at the time it left Defendant's control, and the defect was a cause
of Plaintiff's injury.

29.   Empressive was a manufacturer of the Candle.

30.   Empressive was a designer of the Candle.

31.   Empressive was a seller of the Candle.

32.   The Candle was defective and unreasonably dangerous at the time it was
sold to Plaintiff, including, without limitation, the following respects:

   a.  The Candle contained a manufacturing defect.

   b.  The Candle contained a design defect.

   c.  The Candle contained an information defect.

4

33.     One or more of the defects were a cause of Plaintiff's injuries.

**Count II – Defective Design, Manufacture and Information – VCS**

In Count II, Plaintiff makes the following claims in addition, and in the alternative, to those asserted in Count I against VCS:

34.     Empressive purchased the materials to make the Candle from VCS (the "VCS Materials").

35.     VCS knew, or reasonably should have known, that the VCS Materials would be used by Empressive to make candles like, or similar to, the Candle.

36.     VCS knew, or reasonably should have known, that Empressive intended to sell the candles it made from the VCS Materials to the general public, including consumers like John.

37.     VCS was, or reasonably should have been, aware of design, manufacturing and information defects in the VCS Materials related to their increased flammability when they were sold to Empressive.

38.     The design and manufacturing defects included, without limitation, the following:

    a.   The gel contained too much fragrance relative to its other ingredients;

    b.   The fragrance sold ignited at too low a temperature;

    c.   The fragrance was not compatible with the gel sold to manufacture the Candle and/or those similar to it;

    d.   The mineral oil or other ingredients in the gel were too volatile and/or burned at too high a temperature;

    e.   The liquid gel resulting from the ignition of the fragrance and/or the mineral oil or other materials in the gel was excessively hot; and

    f.   Any of the foregoing defects, or combination of them, could cause a spontaneous combustion of the type that caused the Accident.

5

39.     At the time Empressive purchased the VCS Materials, VCS was aware that the VCS Materials could behave in an unexpected way that could cause injury to consumers, such as Plaintiff.

40.     The information defects included, without limitation, the following:

    a.  At the time Empressive purchased the VCS Materials, VCS did not warn Empressive that use of the VCS Materials would produce candles that could behave in an unexpected way.

    b.  At the time Empressive purchased the VCS Materials, VCS did not warn Empressive that use of the VCS Materials would produce candles that could behave in an unexpected way that could cause injury to consumers such as Plaintiff.

    c.  At the time Empressive purchased the VCS Materials, VCS did not warn Empressive that the use of the VCS Materials would produce candles that were more flammable than expected.

41.     VCS is vicariously liable for the acts and omissions of its agents acting within the course and scope of employment under the doctrine of Respondeat Superior.

42.     VCS is at fault for the design, manufacture and/or sale of defective and unreasonably dangerous products.

43.     VCS manufactured and/or sold a product or products that were defective and unreasonably dangerous at the time they left the control of VCS, and the defect(s) were a cause of Plaintiff's injury.

44.     VCS was a manufacturer of the VCS Materials.

45.     VCS was a designer of the VCS Materials.

46.     VCS was a seller of the VCS Materials.

47.     The VCS Materials were defective and unreasonably dangerous at the time they were sold to Empressive, including, without limitation, the following respects:

    a.  They contained a manufacturing defect.

    b.  They contained a design defect.

c.  They contained an information defect.

48.    One or more of the defects were a cause of Plaintiff's injuries.

### Count III – Acting in Concert – Joint and Several Liability

In Count III, Plaintiff makes the following claims in addition, and in the alternative, to those asserted in Counts I and II, against Defendants, individually and collectively:

49.    Plaintiff incorporates herein all of the allegations in Counts I and II.

50.    A.R.S. Sec. 12-2506 abolished joint and several liability except in certain circumstances listed in Sec. 12-2506 D. One of those circumstances is when both parties "were acting in concert." Sec. 12-2506 D.1.

51.    A.R.S. Sec. 12-2506 F.1. provides that "'Acting in concert' means entering into a conscious agreement to pursue a common plan or design to commit an intentional tort and actively taking part in that intentional tort."

52.    For the reasons set forth above, Defendants acted in pursuit of a common plan or design in that they intentionally placed into the same stream of commerce defective products for profits that were derived from the same group of end-users, including John.

### Damages

53.    Plaintiff suffered, and continues to suffer, damages caused by Defendants as set forth above, including, but not limited to:

54.    Physical and emotional injuries, some of which may be permanent;

55.    Physical and emotional pain, discomfort, suffering, disability, disfigurement, and anxiety already experienced and to be experienced in the future;

56.    Loss of enjoyment of life and participation in life's activities to the quality and extent normally enjoyed before the accident already experienced and to be experienced in the future;

57.    Loss of earnings to date and loss of earning power or capacity in the future; and

7

58.     General, special, incidental, consequential, consortium, compensatory and hedonic damages, the full nature and extent of which are not yet determined, including, but not limited to, medical expenses both past and future.

59.     Plaintiff is entitled to recover damages from Defendants in an amount to be determined at trial which is in excess of the minimum jurisdictional limits of this Court.

**Wherefore,** Plaintiff, prays for judgment as follows:

A. Against Defendant, Empressive Candles, LLC:

    1) For general, special, incidental, consequential, hedonic, and compensatory damages, as alleged above, in amounts to be proven at trial;

    2) For costs incurred herein and accruing;

    3) For interest on the foregoing sums at the statutory rate; and

    4) For such other and further relief as the Court may deem just and proper.

B.     Against Virginia Candle Supply, LLC:

    1) For general, special, incidental, consequential, hedonic, and compensatory damages, as alleged above, in amounts to be proven at trial;

    2) For costs incurred herein and accruing;

    3) For interest on the foregoing sums at the statutory rate; and

    4) For such other and further relief as the Court may deem just and proper.

C.     Against Defendants, jointly and severally:

    1) For general, special, incidental, consequential, hedonic, and compensatory damages, as alleged above, in amounts to be proven at trial;

    2) For costs incurred herein and accruing;

    3) For interest on the foregoing sums at the statutory rate; and

1       4) For such other and further relief as the Court may deem just and

2           proper.

3    Dated: ___ / ___ /2020

4                                              Goodnow | McKay

5                                  By /s/ Justin McKay

6                                     Justin McKay, Esq.
                                      James R. Dashiell, Esq.
7                                     1825 E. Northern Ave., Ste. 135H,
                                      Phoenix, AZ 85020
8                                     *Attorneys for Johnathon Cross*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

34

24

25

26

27

28

EXHIBIT B

## AFFIDAVIT OF SERVICE

| Case:<br>C20203041 | Court:<br>Superior Court of Arizona | County:<br>Pima, AZ | Job:<br>4877219 (10414506) | FILED<br>GARY L. HARRISON<br>CLERK, SUPERIOR COURT |
|---|---|---|---|---|
| Plaintiff / Petitioner:<br>Johnathon Cross | | Defendant / Respondent:<br>Empressive Candles, LLC | | 20 SEP 25 PM 5: 16 |
| Received by:<br>Tennessee Court Services | | For:<br>First Legal / Court & Process | | |
| To be served upon:<br>Virginia Candle Supply, LLC | | | | S. CASTILLO, DEPUTY |

I, Lindsey Broadfoot, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Virginia Candle Supply, LLC, Virginia Candle Supply, LLC: 5512 Fort Henry Dr, Kingsport, TN 37663
**Manner of Service:**  Authorized, Sep 16, 2020, 4:48 pm EDT
**Documents:**  Summons and First Amended Complaint

**Additional Comments:**
1) Successful Attempt: Sep 16, 2020, 4:48 pm EDT at Virginia Candle Supply, LLC: 5512 Fort Henry Dr, Kingsport, TN 37663 received by Virginia Candle Supply, LLC. Age: 30; Ethnicity: Caucasian; Gender: Female; Weight: 150; Height: 5'7"; Hair: Blond; Eyes: Blue; Other: Served in person by hand Jessica Taylor, manager.;
Served in person, by hand Jessica Taylor, manager.

Lindsey Broadfoot          09/17/2020
Lindsey Broadfoot          Date

Tennessee Court Services
1059 N Cedar Bluff Rd Suite 109
Knoxville, TN 37923
727-678-5357

Subscribed and sworn to before me by the affiant who is personally known to me.

Michael G Stafford
Notary Public

9/17/2020      May 13, 2024
Date            Commission Expires


MICHAEL GAINES STAFFORD
STATE
OF
TENNESSEE
NOTARY
PUBLIC
SULLIVAN COUNTY

EXHIBIT C

| Attorney or Party without Attorney:<br>JUSTIN S MCKAY (#032491)<br>GOODNOW MCKAY<br>1825 E Northern Ave Suite # 135H<br>Phoenix, AZ 85020<br>Telephone No: | | For Court Use Only<br><br>20 SEP 29 PM 2: 38<br><br>BY: J. ORR, DEPUTY<br>**Russell Bird** |
|---|---|---|
| Attorney For:  Plaintiff | Ref. No. or File No.:  CROSS V EMPRESSIVE | |
| Insert name of Court, and Judicial District and Branch Court:<br>PIMA COUNTY SUPERIOR COURT | | |
| Plaintiff:  JONATHON CROSS; ET AL.<br>Defendant:  EMPRESSIVE CANDLES, LLC, a Florida limited liability company; ET AL. | | |

| CERTIFICATE OF SERVICE | Hearing Date: | Time: | Dept/Div. | Case Number:<br>C20203041 |
|---|---|---|---|---|

1.  *At the time of service I was at least 21 years of age and not a party to this action.*

2.  I served copies of the
    SUMMONS; FIRST AMENDED COMPLAINT;

3.  *a.  Party served:*    VIRGINIA CANDLE SUPPLY, LLC
    *b.  Person served:*   Lindsey Broadfoot, Manager, Authorized to Accept

4.  *Address where the party was served:*   5512 Fort Henry Dr, Kingsport, TN 37663

5.  *I served the party:*
    a. by substituted service.   On: Wed, Sep 16 2020 at: 04:48 PM by leaving the copies with or in the presence of:
    Lindsey Broadfoot, Manager, Authorized to Accept

    (a) ( Person of suitable age and discretion. Informed him or her of the general nature of the papers.

Service: $169.00, Mileage: $0.00, Certificate: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $179.00

I Declare under penalty of perjury under the laws of the State of
TENNESSEE that the foregoing is true and correct.

6.  *Person Executing:*
    *a.* Lindsey Broadfoot
    *b.* FIRST LEGAL
       3737 North 7th. Street Suite 209
       PHOENIX, AZ 85014
    *c.* (602) 248-9700

09/25/2020
(Date)

Lindsey Broadfoot
(Signature)

CERTIFICATE OF SERVICE

FL
FIRSTLEGAL

4875336 (10414506)

# EXHIBIT D

| Attorney or Party without Attorney:<br>JUSTIN S MCKAY (#032491)<br>GOODNOW MCKAY<br>1825 E Northern Ave Suite # 135H<br>Phoenix, AZ 85020<br>Telephone No: | | For Court Use Only<br>FILED<br>Gary Harrison<br>CLERK, SUPERIOR COURT<br>9/28/2020 9:37:36 AM<br>BY: ARTHUR ROBLES /S/<br>DEPUTY |
|---|---|---|
| Attorney For:  Plaintiff | Ref. No. or File No.:   CROSS V EMPRESSIVE | Case No. C20203041<br>HON. D. DOUGLAS METCALF |
| Insert name of Court, and Judicial District and Branch Court:<br>PIMA COUNTY SUPERIOR COURT | | |
| Plaintiff:  JONATHON CROSS; ET AL.<br>Defendant:  EMPRESSIVE CANDLES, LLC, a Florida limited liability company; ET AL. | | |

| CERTIFICATE OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>C20203041 |
|---|---|---|---|---|

1.   At the time of service I was at least 21 years of age and not a party to this action.

2.   I served copies of the
     SUMMONS; FIRST AMENDED COMPLAINT;

3.   a.   Party served:   VIRGINIA CANDLE SUPPLY, LLC
     b.   Person served:   Lindsey Broadfoot, Manager, Authorized to Accept

4.   Address where the party was served:   5512 Fort Henry Dr, Kingsport, TN 37663

5.   I served the party:
     a. by substituted service.   On: Wed, Sep 16 2020 at: 04:48 PM by leaving the copies with or in the presence of:
                                   Lindsey Broadfoot, Manager, Authorized to Accept

     (a) ( Person of suitable age and discretion. Informed him or her of the general nature of the papers.

Service: $169.00, Mileage: $0.00, Certificate: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $179.00

6.   Person Executing:
     a. Lindsey Broadfoot
     b. FIRST LEGAL
        3737 North 7th. Street Suite 209
        PHOENIX, AZ 85014
     c. (602) 248-9700

I Declare under penalty of perjury under the laws of the State of
TENNESSEE that the foregoing is true and correct.

09/25/2020
(Date)

Lindsey Broadfoot
(Signature)

CERTIFICATE OF SERVICE

4875336 (10414506)

# EXHIBIT E

Person/Attorney Filing: JUSTIN S MCKAY
Mailing Address: 1825 E. Northern Ave. #135
City, State, Zip Code: Phoenix, AZ 85020
Phone Number: (602)900-1000X2
E-Mail Address: justin@goodnowmckay.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 032491, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

JOHNATHON CROSS
Plaintiff(s),
v.                                                      Case No. C20203041
EMPRESSIVE CANDLES, LLC
Defendant(s).                                           **SUMMONS**

                                                        HON. D. DOUGLAS METCALF

To: Virginia Candle Supply, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
   Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 9/11/2020

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
                Deputy Clerk

Exhibit 1



## Empressive Candles LLC

| | |
|---|---|
| 4500 N Oracle Rd, Ste 270 | Nov 16, 2019 |
| Tucson, AZ 85705 | 3:24 PM |
| (520) 888-1316 | Mario |
| Www.empressivecandles.com | |

### PURCHASE

Authorization 906885
Receipt g4gY

VISA DEBIT
AID A0 00 00 00 03 10 10

| | |
|---|---|
| Silvia | $58.00 |
| | |
| Subtotal | $58.00 |
| Arizona Tax | $5.05 |
| | |
| Total | $63.05 |
| Visa 0276 (Chip) | $63.05 |
| Johnathon Goss | |

Warranty:
The Vendor warrants that each candle shall be fit for the purpose for which it is ordinarily intended. If the Customer considers that a breach of this warranty has occurred and notifies the Vendor about the breach, then the Vendor will promptly correct any defects in compliance with this warranty. Except for these warranties, no other warranty (expressed, implied, or statutory) is made by the Vendor regarding the candle(s).

Inspection:
Inspection will be made by the Customer at the time and place of delivery.

Return Policy. Candles accompanied with receipt may be returned for a full return as long as the candle has never been burned, there are no chips or cracks in the glass and the gel has not been removed or tampered with.
The Customer's exclusive remedy and the Vendor's limit of liability for any and all losses or damages resulting from defective goods or from any other cause shall be for the purchase price of the particular candle(s) with respect to which losses or damages are claimed.



EXHIBIT F

FILED
Gary Harrison
CLERK, SUPERIOR COURT

7/17/2020 4:15:32 PM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20203041
HON. D. DOUGLAS METCALF

Goodnow | McKay
1825 E. Northern Ave., Ste. 135H,
Phoenix, AZ 85020
Phone: 602-900-1000
Fax: 602-900-8000
azminutes@goodnowmckay.com
Justin McKay 032491
James R. Dashiell 035816
*Attorneys for Johnathon Cross*

Arizona Superior Court, Pima County

| | |
|---|---|
| Johnathon Cross | Case No. |
| Plaintiff | **Complaint** |
| v. | Tort – Non-Motor Vehicle |
| Empressive Candles, LLC, a Florida Limited Liability Company | Tier 2 |
| Defendant | |

Plaintiff alleges as follows:

### Parties

1.      Plaintiff, Jonathon Cross ("John"), is an individual who, at all material times, resided in Pima County.

2.      Defendant, Empressive Candles, LLC ("Empressive" or "Defendant", which refers to both the entity or its agents acting in the course and scope of employment), is a Florida limited liability company, which, at all material times, was doing business as a manufacturer and retailer of customized candles at 4500 N. Oracle Rd., Tucson Mall, Tucson, AZ.

### Jurisdiction and Venue

3.      At all material times, Defendant was doing business in Pima County.

4.      The sale of the customized candle (the "Candle") that caused the accident (the "Accident") which is the subject of this lawsuit, took place at Defendant's place of business in Pima County.

5.      The Accident, which is the subject of this lawsuit, took place at Plaintiff's residence in Pima County.

6.      Defendant is a Florida LLC with its principal place of business in Jacksonville, FL. Accordingly, Defendant resides outside the State of Arizona.

7.      ARS 12-401(1) provides in relevant part: "When a defendant or all of several defendants reside without the state ... the action may be brought in the county in which the plaintiff resides."

8.      Accordingly, this Court has subject-matter jurisdiction and venue is proper in this Court.

## The Product

9.      On November 16, 2019, Plaintiff purchased the Candle for his mother, Lisa Thomas ("Lisa"), at Empressive.

10.     An accurate copy of the receipt for the Candle is attached as Exhibit 1.

## The Accident

11.     In the evening of November 28, 2019, while at the home of her son, John, located at 3108 N Terrel Pl, Tucson, AZ 85716, Lisa Thomas lit the candle and laid down on the bed to relax.

12.     Shortly thereafter, Lisa noticed the smell of something burning, and saw the Candle engulfed in flames approximately two feet high.

13.     Lisa was unable to put out the flames herself and called John for help.

14.     John was successful in putting out the flames but, in the process, sustained serious and permanent injuries, including severe burns.

15.     At the time Plaintiff purchased the Candle, Defendant was aware of problems related to the increased flammability of the materials used to create the Candle and other similar candles in its store.

16.     At the time Plaintiff purchased the Candle, Defendant was aware that the Candle could behave in an unexpected way.

17.     At the time Plaintiff purchased the Candle, Defendant was aware that the Candle could behave in an unexpected way that could cause injury to Plaintiff.

2

18.    At the time Plaintiff purchased the Candle, Defendant did not warn Plaintiff that the Candle could behave in an unexpected way.

19.    At the time Plaintiff purchased the Candle, Defendant did not warn Plaintiff that the Candle could behave in an unexpected way that could cause injury to Plaintiff.

20.    At the time Plaintiff purchased the Candle, Defendant did not warn Plaintiff that it was possible the Candle was more flammable than expected.

21.    The Candle contained too much fragrance relative to its other ingredients.

22.    Lisa and Jonathon used the candle in a reasonably foreseeable manner.

23.    Defendant is vicariously liable for the acts and omissions of its agents acting within the course and scope of employment under the doctrine of respondeat superior.

**Claim 1: Product Liability**

24.    Defendant is at fault for the manufacture and/or sale of a defective and un-reasonably dangerous product.

25.    Defendant manufactured and/or sold a product that was defective and unrea-sonably dangerous at the time it left Defendant's control, and the defect was a cause of Plaintiff's injury.

26.    Defendant was a manufacturer of the Candle.

27.    Defendant was a seller of the Candle.

28.    The Candle was defective and unreasonably dangerous.

29.    The Candle contained a manufacturing defect.

30.    The Candle contained a design defect.

31.    The Candle contained an information defect.

32.    One or more of the defects were a cause of Plaintiff's injuries.

33.    Plaintiff sustained damages as described herein.

**Damages**

34.    Plaintiff suffered, and continues to suffer, damages including, but not lim-ited to:

35.    Physical and emotional injuries, some of which may be permanent;

3

36. Physical and emotional pain, discomfort, suffering, disability, disfigurement, and anxiety already experienced and to be experienced in the future;

37. Loss of enjoyment of life and participation in life's activities to the quality and extent normally enjoyed before the accident already experienced and to be experienced in the future;

38. Lost earnings to date and loss of earning power or capacity in the future; and

39. General, special, incidental, consequential, consortium, compensatory and hedonic damages, the full nature and extent of which are not yet determined, including, but not limited to, medical expenses both past and future.

40. Plaintiff is entitled to recover damages from Defendant in an amount to be determined at trial which is in excess of the minimum jurisdictional limits of this Court.

**Wherefore,** Plaintiff, prays for judgment against Defendant as follows:

A. For general, special, incidental, consequential, hedonic, and compensatory damages, as alleged above, in amounts to be proven at trial;

B. For costs incurred herein and accruing;

C. For interest on the foregoing sums at the statutory rate; and

D. For such other and further relief as the Court may deem just and proper.

Dated: 7/17/2020

Goodnow | McKay

By /s/ Justin McKay

Justin McKay, Esq.
James R. Dashiell, Esq.
1825 E. Northern Ave., Ste. 135H,
Phoenix, AZ 85020
*Attorneys for Johnathon Cross*

EXHIBIT G

**In the Superior Court of the State of Arizona**
**In and For the County of** Pima

FILED
Gary Harrison
CLERK, SUPERIOR COURT

7/17/2020 4:15:32 PM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20203041
HON. D. DOUGLAS METCALF

Case Number _____

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney Justin S McKay

Attorney Bar Number 032491, AZ

Plaintiff's Name(s): (List all)
Johnathon Cross

Plaintiff's Address:
3108 N Terrel Pl, Tucson AZ
85716
Telephone Number: (989) 370-9789

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All) Empressive Candles, LLC

(List additional defendants on page two and/or attach a separate sheet)

## NATURE OF ACTION

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury
☐ Property Damage
☐ Wrongful Death

**TORT NON-MOTOR VEHICLE:**
☐ Negligence
☐ Product Liability – Asbestos
☐ Product Liability – Tobacco
☒ Product Liability – Toxic/Other
☐ Intentional Tort
☐ Property Damage
☐ Legal Malpractice
☐ Malpractice – Other professional
☐ Premises Liability
☐ Slander/Libel/Defamation
☐ Other (Specify) _____

**MEDICAL MALPRACTICE:**
☐ Physician M.D.      ☐ Hospital
☐ Physician D.O       ☐ Other

**CONTRACTS:**
☐ Account (Open or Stated)
☐ Promissory Note
☐ Foreclosure
☐ Buyer-Plaintiff
☐ Fraud
☐ Other Contract (i.e. Breach of Contract)
☐ Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
  ☐ Six to Nineteen Structures
  ☐ Twenty or More Structures

**OTHER CIVIL CASE TYPES:**
☐ Eminent Domain/Condemnation
☐ Eviction Actions (Forcible and Special Detainers)
☐ Change of Name
☐ Transcript of Judgment
☐ Foreign Judgment
☐ Quiet Title

AZturboCourt.gov Form Set #4775921

☐ Forfeiture
☐ Election Challenge
☐ NCC- Employer Sanction Action (A.R.S. §23-212)
☐ Injunction against Workplace Harassment
☐ Injunction against Harassment
☐ Civil Penalty
☐ Water Rights (Not General Stream Adjudication)
☐ Real Property
☐ Special Action against Lower Courts
   (See lower court appeal cover sheet in Maricopa)
☐ Immigration Enforcement Challenge (A.R.S. §§1-501, 1-502, 11-1051)

☐ Landlord Tenant Dispute- Other
☐ Declaration of Factual Innocence (A.R.S. §12-771)
☐ Declaration of Factual Improper Party Status
☐ Vulnerable Adult (A.R.S. §46-451)
☐ Tribal Judgment
☐ Structured Settlement (A.R.S. §12-2901)
☐ Attorney Conservatorships (State Bar)
☐ Unauthorized Practice of Law (State Bar)
☐ Out-of-State Deposition for Foreign Jurisdiction
☐ Secure Attendance of Prisoner
☐ Assurance of Discontinuance
☐ In-State Deposition for Foreign Jurisdiction
☐ Eminent Domain– Light Rail Only
☐ Interpleader– Automobile Only
☐ Delayed Birth Certificate (A.R.S. §36-333.03)
☐ Employment Dispute- Discrimination
☐ Employment Dispute-Other
☐ Verified Rule 45.2 Petition
☐ Other (Specify) _____

**UNCLASSIFIED CIVIL:**
☐ Administrative Review
   (See lower court appeal cover sheet in Maricopa)
☐ Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)
☐ Declaratory Judgment
☐ Habeas Corpus

## RULE 26.2 DISCOVERY TIER OR AMOUNT PLEADED:
(State the amount in controversy pleaded or place an **"X"** next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.)

☐ Amount Pleaded $ _____        ☐ Tier 1      ☒ Tier 2      ☐ Tier 3

## EMERGENCY ORDER SOUGHT:
☐ Temporary Restraining Order        ☐ Provisional Remedy        ☐ OSC        ☐ Election Challenge
☐ Employer Sanction        ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)
☐ This case is eligible for the commercial court under Rule 8.1, and plaintiff requests assignment of this case to the commercial court. More information on the commercial court, including the most recent forms, are available on the court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

Additional Plaintiff(s)
_____
_____

Additional Defendant(s)
_____
_____

AZturboCourt.gov Form Set #4775921

Attachment Page  1   (of  1   )

To <u>Civil Cover Sheet</u>

**ATTORNEY INFORMATION:**
ATTORNEY FILING:
Justin S McKay
Bar Number: 032491, Issuing State: AZ
Law Firm: Goodnow McKay
Address: 1825 E Northern Ave Ste 135H

Phoenix, AZ 85020
Telephone Number: (602) 900-1000 X2
Email: justin@goodnowmckay.com

PRIMARY ATTORNEY
James Dashiell
Bar Number: 035816, Issuing State: AZ
Law Firm: Goodnow McKay
Address: 1825 E Northern Ave Ste 135H
Phoenix, AZ 85020
Telephone Number: (602)900-1000x6


**ATTACHED DOCUMENTS LIST:**
Summons - Defendant #1
Complaint

If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.

AZturboCourt.gov Form Set #4775921

# EXHIBIT H

PERSON/ATTORNEY FILING: Justin S McKay
MAILING ADDRESS: 1825 E Northern Ave Ste 135H
CITY, STATE, ZIP CODE: Phoenix, AZ 85020
PHONE NUMBER: (602) 900-1000 X2
E-MAIL ADDRESS: justin@goodnowmckay.com
[ ☐ ] REPRESENTING SELF, WITHOUT AN ATTORNEY
(IF ATTORNEY) STATE BAR NUMBER: 032491, Issuing State: AZ

FILED
Gary Harrison
CLERK, SUPERIOR COURT
7/17/2020 4:15:32 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20203041
HON. D. DOUGLAS METCALF

## ARIZONA SUPERIOR COURT, PIMA COUNTY

Johnathon Cross
Plaintiff(s),

V.

Empressive Candles, LLC
Defendant(s).

CASE NO: _____

**RULE 102(a) FASTAR CERTIFICATE**

The undersigned certifies that he or she knows the eligibility criteria set by FASTAR Rule 101(b)

and certifies that this case:

## (NOTE – YOU MUST CHECK ONE OF THE BOXES BELOW OR THE CLERK WILL NOT ACCEPT THIS FORM.)

☐ **DOES** meet the eligibility criteria established by Rule 101(b); or

☒ **DOES NOT** meet the eligibility criteria established by Rule 101(b).

Dated: _____

Justin S McKay /s/ _____
SIGNATURE

AZturboCourt.gov Form Set #4775921

EXHIBIT I

Person/Attorney Filing: Justin S McKay
Mailing Address: 1825 E Northern Ave Ste 135H
City, State, Zip Code: Phoenix, AZ 85020
Phone Number: (602) 900-1000 X2
E-Mail Address: justin@goodnowmckay.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 032491, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

Johnathon Cross
Plaintiff(s),
v.
Empressive Candles, LLC
Defendant(s).

Case No.  C20203041

**SUMMONS**

HON. D. DOUGLAS METCALF

To: Empressive Candles, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #4775921

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 7/17/2020

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/

             Deputy Clerk

AZturboCourt.gov Form Set #4775921

2

Exhibit 1



## Empressive Candles LLC

4500 N Oracle Rd, Ste 270      Nov 16, 2019
Tucson, AZ 85705                3:24 PM
(520) 888-1316                  Mario
Www.empressivecandles.com

### PURCHASE

Authorization 906885
Receipt g4gY

VISA DEBIT
AID A0 00 00 00 03 10 10

| | |
|---|---|
| Silvia | $58.00 |
| Subtotal | $58.00 |
| Arizona Tax | $5.05 |
| Total | $63.05 |
| Visa 0276 (Chip) | $63.05 |
| Johnathon Goss | |

Warranty:
The Vendor warrants that each candle
shall be fit for the purpose for which it is
ordinarily intended. If the Customer
considers that a breach of this warranty
has occurred and notifies the Vendor
about the breach, then the Vendor will
promptly correct any defects in
compliance with this warranty. Except for
these warranties, no other warranty
(expressed, implied, or statutory) is made
by the Vendor regarding the candle(s).

Inspection:
Inspection will be made by the Customer
at the time and place of delivery.

Return Policy. Candles accompanied with
receipt may be returned for a full return as
long as the candle has never been burned,
there are no chips or cracks in the glass
and the gel has not been removed or
tampered with.
The Customer's exclusive remedy and the
Vendor's limit of liability for any and all
losses or damages resulting from
defective goods or from any other cause
shall be for the purchase price of the
particular candle(s) with respect to which
losses or damages are claimed.



# EXHIBIT J

FILED
Gary Harrison
CLERK, SUPERIOR COURT
8/4/2020 12:44:53 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20203041
HON. D. DOUGLAS METCALF

Goodnow | McKay
1825 E. Northern Ave., Ste. 135H
Phoenix, AZ 85020
Phone: 602-900-1000
Fax: 602-900-8000
azminutes@goodnowmckay.com
Justin McKay 032491
James R. Dashiell 035816
*Attorneys for Johnathon Cross*

Arizona Superior Court, Pima County

Johnathon Cross

Plaintiff

v.

Empressive Candles, LLC, a Florida
Limited Liability Company

Defendant

Case No. C20203041

**Waiver of Service of Summons**

To:   Goodnow | McKay
      Justin McKay, Esq.
      James R. Dashiell, Esq.
      1825 E. Northern Ave., Ste. 135H,
      Phoenix, AZ 85020
      Attorneys for Johnathon Cross

I acknowledge receipt of your request that I waive service of a summons in the above-captioned action, which is case number C20203041 in the Superior Court of the State of Arizona in and for the County Pima. I also have received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

1   I understand that a judgment may be entered against me (or the party on whose

2   behalf I am acting) if an answer or motion under Rule 12 is not served upon you within

3   sixty (60) days after Tuesday, July 28, 2020 or within ninety (90) days after that date if

4   the request was sent outside the United States.

5   Dated this _4th_ day of _August_ , _2020_ .

6

7   Signed _Wchy w/ permission_          Date _8/4/2020_

8

9   Printed Name _Carol Romero_

10

11   As _attorney_ of for _Empressive Capelles, LLC_

12   [Title]              [Name of corporate Defendant, if applicable]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

 GOODNOW
MCKAY

Justin McKay <justin@goodnowmckay.com>

---

## C20203041 Cross v. Empressive Request for Waiver of Service of Summons
5 messages

---

**Justin McKay** <justin@goodnowmckay.com>                    Tue, Jul 28, 2020 at 3:38 PM
To: cromano@rlattorneys.com
Cc: james@goodnowmckay.com

Hi Carol, we're sending this in the mail to you today (attached).

 GOODNOW
MCKAY

Justin McKay
Attorney and Founding Partner
T: 602 900 1000, ext. 2
F: 602 900 8000
E: justin@goodnowmckay.com
W: goodnowmckay.com
Confidentiality Notice: The information contained in this message may
be confidential or protected by the attorney-client privilege. If it has been sent to you in
error, do not read it. Please immediately reply to the sender that you have received the
message in error and delete it. Thank you.

📄 **2020 07 28 Notice of Lawsuit and Request for Waiver of Service of Summons.pdf**
    562K

---

**Carol Romano** <cromano@rlattorneys.com>                    Sat, Aug 1, 2020 at 2:04 PM
To: Justin McKay <justin@goodnowmckay.com>

We will waive service.  You can sign for me.  I am in Mexico and do not have a printer or scanner.

Thanks,


Carol M. Romano

Partner

*AV® Rated by Martindale Hubbell*

*Board Certified Specialist in Personal Injury and Wrongful Death*

 RESNICK & LOUIS. P.C.
ATTORNEYS AT LAW


Email:  cromano@rlattorneys.com

Direct Phone: 602.456.5961

EXHIBIT K

FILED
Gary Harrison
CLERK, SUPERIOR COURT
8/5/2020 3:34:08 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20203041
HON. D. DOUGLAS METCALF

**RESNICK & LOUIS P.C.**
Carol M. Romano, #015988
8111 E. Indian Bend Road
Scottsdale, Arizona 85250
Telephone: (602) 456-5961
Facsimile:  (602) 456-6256
E-mail: cromano@rlattorneys.com
*Attorneys for Defendant Empressive*
*Candles, LLC*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| JOHNATHON CROSS, | No.  C20203041 |
| Plaintiff, | **DEFENDANT EMPRESSIVE CANDLES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| EMPRESSIVE CANDLES, LLC, a Florida Limited Liability Company, | Tier 2 – Tort, Non Motor Vehicle |
| Defendant. | *(Assigned to: Hon. D. Douglas Metcalf)* |

For its answer to Plaintiff's Complaint, Defendant Empressive Candles, LLC ("Defendant") admits, denies and alleges as follows.

### **PARTIES**

1.      Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

///

**JURISDICTION AND VENUE**

3.      Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint and takes no position regarding same.

6.      Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

**The Product**

9.      Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint and takes no position regarding same.

10.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint and takes no position regarding same.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**The Accident**

11.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and takes no position regarding same.

12.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and takes no position regarding same.

13.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint and takes no position regarding same.

14.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies same.

15.     Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant denies  the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant admits the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## Claim 1: Product Liability

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

## Damages

34.     Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Defendant Empressive Candles, LLC asserts the following affirmative defenses against Plaintiff:

A.      Plaintiff fails to state a claim for which relief can be granted.

B.      Some or all of Plaintiff's claims may be barred by the doctrine of estoppel.

C.      Defendant alleges that Plaintiff, through his own acts and omissions, waived the right to recover damages from Defendant.

D.      Some or all of Plaintiff's claims may be barred by the doctrine of laches.

E.      Plaintiff may have failed to mitigate his claimed damages by taking such reasonable steps under the circumstances as would reduce his claimed injuries and damages; and any damages resulting from Plaintiff's failure to take such reasonable steps may not be recovered.

F.      The damages, if any, claimed by Plaintiff were caused by other parties over which Defendants had no control or right of control.

G.      Plaintiff's claims are barred because Plaintiff failed to join necessary and/or indispensable parties.

H.      Defendant alleges that Plaintiff was comparatively negligent and/or any damages received by Plaintiff were the result of any intervening/superseding cause or occurred

6

as a result of the negligence of someone other than Defendant, all of which bars recovery to the Plaintiff herein from Defendant.

I.      Defendant alleges that Plaintiff was negligent, in whole or in part, thereby reducing or eliminating any damages owed by Defendant by way of comparative negligence.

J.      Defendant alleges that a party, not named as a defendant in this suit, was at fault for Plaintiff's accident and, should this matter go to trial, fault will be apportioned to this unnamed defendant.

K.      On information and belief, Plaintiff assumed the risk of the damages alleged.

L.      Any alleged damages sustained by Plaintiff were not proximately caused by any of the defendants in this action.

M.      Plaintiff's claims may be barred by the applicable statute of repose including ARS §§ 12-551 and 12-552).

N.      Plaintiff's claims may be barred by the applicable statute of limitations including ARS §§ 12-541, 12-542, 12-543, 12-544, 12-546, 12-548, 12-550.

O.      Although Defendant does not presently have specific facts in support of the remaining defense, it wishes to put counsel for Plaintiff upon notice that it may arise the following defense which, through subsequent discovery may, indeed, be supported by the facts: abatement under Rule 6(f), lack of personal jurisdiction, lack of subject matter jurisdiction, accord and satisfaction, duress, set-off, failure of consideration, insufficiency of process, waiver and arbitration and award.

P.      Defendant is informed and believes, and thereon alleges, that Plaintiff's medical expenses and/or treatment are not reasonable and/or necessary.

**WHEREFORE,** having fully answered the allegations contained in the Complaint, Defendant prays:

A.      that the Complaint be dismissed with prejudice, and that Plaintiff takes nothing

7

thereby;

B.    that Defendant be awarded its attorneys' fees, pursuant to A.R.S. §12-341.01;

C.    that Defendant be awarded its costs for this lawsuit; and

D.    for such other and further relief as this Court deems just and proper.

**DATED** this 5th day of August 2020

                                    **RESNICK & LOUIS, P.C.**

                   By:    */s/ Carol M. Romano*
                                 Carol M. Romano
                                 *Attorney for Defendant Empressive Candles, LLC*

**ORIGINAL** of the foregoing e-filed this same date with:

Clerk of Court
Pima County Superior Court

**ESERVED** this same date to:

Justin McKay
James R. Dashiell
GOODNOW McKAY
1825 E. Northern Ave., Ste. 135H
Phoenix, AZ 85020
azminutes@goodnowmckay.com
justin@goodnowmckay.com
james@goodnowmckay.com
T: 602.900.1000
F: 602.900-8000
*Attorneys for Plaintiff*


By:    */s/ Carol Sibiga*
         Employee of Resnick & Louis, P.C.

EXHIBIT L

FILED
Gary Harrison
CLERK, SUPERIOR COURT

8/5/2020 3:34:08 PM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20203041
HON. D. DOUGLAS METCALF

**RESNICK & LOUIS P.C.**
Carol M. Romano, #015988
8111 E. Indian Bend Road
Scottsdale, Arizona 85250
Telephone: (602) 456-5961
Facsimile:  (602) 456-6256
E-mail: cromano@rlattorneys.com
*Attorneys for Defendant Empressive*
*Candles, LLC*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| **JOHNATHON CROSS,** | No.  C20203041 |
| Plaintiffs | **DEFENDANT EMPRESSIVE CANDLES, LLC'S DEMAND FOR JURY TRIAL** |
| v. | |
| **EMPRESSIVE CANDLES, LLC,** a Florida Limited Liability Company, | Tier 2 – Tort, Non Motor Vehicle |
| Defendant. | *(Assigned to: Hon. D. Douglas Metcalf)* |

Pursuant to Rule 38(b), Ariz. R. Civ. P., Defendant Empressive Candles, LLC demands

a jury trial on all issues in the above-entitled action.


**DATED** this 5th day of August 2020


                                          **RESNICK & LOUIS, P.C.**


                              By:   /s/ Carol M. Romano
                                      Carol M. Romano
                                      *Attorney for Defendant Empressive Candles,*
                                      *LLC*

**ORIGINAL** of the foregoing e-filed this same date with:

Clerk of Court
Pima County Superior Court

1

1  **ESERVED** this same date to:

2

3  Justin McKay
   James R. Dashiell
   GOODNOW McKAY

4  1825 E. Northern Ave., Ste. 135H

5  Phoenix, AZ  85020
   azminutes@goodnowmckay.com

6  justin@goodnowmckay.com

7  james@goodnowmckay.com
   T: 602.900.1000

8  F: 602.900-8000
   *Attorneys for Plaintiff*

9

10 By:    /s/ Carol Sibiga

11         Employee of Resnick & Louis, P.C.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT M

FILED
Gary Harrison
CLERK, SUPERIOR COURT

8/24/2020 12:05:09 PM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20203041
HON. D. DOUGLAS METCALF

1  Goodnow | McKay
2  1825 E. Northern Ave., Ste. 135H
   Phoenix, AZ 85020
3  Phone: 602-900-1000
   Fax: 602-900-8000
4  azminutes@goodnowmckay.com
   Justin McKay 032491
5  James R. Dashiell 035816
   *Attorneys for Johnathon Cross*

6          Arizona Superior Court, Pima County

7  Johnathon Cross                      | Case No. C20203041
8  Plaintiff                            | **Joint Report**
9  v.                                   | (Assigned to Hon. D. Douglas Metcalf)
10 Empressive Candles, LLC, a Florida
   Limited Liability Company
11
   Defendant
12

13  ☐ Tier 1 – The parties signing below certify that they have conferred about the matters contained in Rule 16(b)(2) and (c)(3), and they further certify that,

14      **(a)** Every Defendant has been served or dismissed, and every
15      defendant who has not been defaulted has filed a responsive
        pleading;

16      **(b)** There are no third-party claims;

17      **(c)** This case is not subject to the mandatory arbitration provisions of
18      Rule 72; and

19      **(d)** With regard to matters upon which the parties could not agree,
        they have set forth their positions separately in items 13 below. Each
20      date in the Joint Report and in the Proposed Scheduling Order
        includes a calendar month, day, and year.

21  ☒ Tier 2 – The parties signing below certify that they have conferred about the
22      matters contained in Rule 16(b)(2) and (c)(3), and that this case is not
        subject to the mandatory arbitration provisions of Rule 72. With regard to
        matters upon which the parties could not agree, they have set forth their
23      positions separately in items 13 below. The parties are submitting a
        Proposed Scheduling Order with this Joint Report. Each date in the Joint
24      Report and in the Proposed Scheduling Order includes a calendar month,
        day, and year.
25

26  ☐ Tier 3 – The parties signing below certify that they have conferred about the
        matters contained in Rule 16(b)(2) and (c)(3). With regard to matters upon
        which the parties could not agree, they have set forth their positions
27      separately in items 13 below. The parties are submitting a Proposed
        Scheduling Order with this Joint Report. Each date in the Joint Report and
28      in the Proposed Scheduling Order includes a calendar month, day, and year.

1   **1.      BRIEF DESCRIPTION OF THE CASE**

2   This is a personal injury case. Plaintiff was injured by a product sold by Defendant.

3   If a claimant is seeking a remedy other than monetary damages, specify the relief

4   sought:

5   Not applicable.

6   **2.      CURRENT CASE STATUS** (Tiers 2 and 3 only)

7   Every defendant has been served or dismissed: ☒ YES   ☐ NO

8   Every party who has not been defaulted has filed a responsive pleading:

9   ☒ YES ☐ NO

10  Explain what "No" means in response to either of the above statements:

11  **3.      AMENDMENTS** (Tiers 2 and 3 only)

12  A party anticipates filing a pleading amendment will add a new party to the case:

13  ☐ YES   ☒ NO

14  **4.      SETTLEMENT**

15  The parties agree to engage in settlement discussions with a settlement judge

16  assigned by the court, or a private mediator.

17  The parties will be ready for a settlement conference or a private mediation by:

18  March 19, 2021

19  If the parties will not engage in a settlement conference or private mediation, state

20  the reason(s) below:

21  **READINESS**: This case will be ready for trial by: June 30, 2021

22  **5.      JURY:** A trial by jury is demanded: ☒ YES   ☐ NO

23  **6.      LENGTH of TRIAL:** The estimated length of trial is _4_____ days.

24  **7.      SUMMARY JURY:**

25  The parties agree to a summary jury trial: ☐ YES   ☒ NO

26  **8.      SHORT CAUSE (TIER 1 ONLY):**

27  A non-jury trial will not exceed one hour: ☐ YES ☒ NO

28  **9.      PREFERENCE:** This case is entitled to a preference for trial pursuant to the

2

following statute or rule:

**10.    SPECIAL REQUIREMENTS:** At a pretrial conference or at a trial a party will require

      disability accommodations (Specify): None known

      an interpreter (Specify language):  No

**11.    SCHEDULING CONFERENCE:** The parties request a Rule 16(d) scheduling conference. ☐ YES   ☒ NO

      If a conference is requested, the reasons for the request are:  N/A

**OTHER MATTERS**: Other matters that the parties wish to bring to the court's attention that may affect management of this case:  None at this time

**ITEMS UPON WHICH THE PARTIES DO NOT AGREE**: The parties were in good faith, unable to agree upon the following items, and the position of each party as to each item is as follows:  None at this time

Dated this August 24, 2020.

/s/ Justin McKay                        /s/ Carol Romano

For Plaintiff                           For Defendant

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Good Faith Consultation Certificate**

Pursuant to Ariz. R. Civ. P. 7.1(h), this certifies that the parties have tried in good faith to resolve the foregoing issues by conferring by telephone.

/s/ Justin McKay

For Plaintiff

/s/ Carol Romano

For Defendant

# EXHIBIT N

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT
8/27/2020 3:15:48 PM
CASE C20203041

1   Goodnow | McKay
    1825 E. Northern Ave., Ste. 135H
2   Phoenix, AZ 85020
    Phone: 602-900-1000
3   Fax: 602-900-8000
    azminutes@goodnowmckay.com
4   Justin McKay 032491
    James R. Dashiell 035816
5   *Attorneys for Johnathon Cross*

6                           Arizona Superior Court, Pima County

7   Johnathon Cross                      Case No. C20203041

8   Plaintiff                            **Scheduling Order**

9   v.                                   (Assigned to Hon. D. Douglas Metcalf)

10  Empressive Candles, LLC, a Florida
    Limited Liability Company
11
    Defendant
12

13  **UPON CONSIDERATION** of the Parties' Proposed Scheduling Order, the Court orders
14  as follows:

15  **INITIAL DISCLOSURE:** The parties have exchanged their initial disclosure statements
16  or will exchange them no later than:   Monday, September 21, 2020.

17  **EXPERT WITNESS DISCLOSURE** (Tier 2 and 3 ONLY):

18      A.      **AREAS OF EXPERT WITNESS TESTIMONY**

19          **The parties** shall disclose areas of expert testimony to each other by this

20          date:

21           Monday, November 9, 2020.

22              **(OR)**

23          **Plaintiff** shall disclose areas of expert testimony to Defendant by this date:

24          _____.

25          **Defendant** shall disclose areas of expert testimony to Plaintiff by this date:

26          _____.

27      B.      **IDENTITY AND OPINIONS OF EXPERT WITNESSES**

28          **The parties** shall disclose the identity and opinions of experts to each other

on or before this date: <u>Wednesday, January 6, 2021</u>.

        **(OR)**

**Plaintiff** shall disclose the identity and opinions of experts to Defendant by this date: _____.

**Defendant** shall disclose the identity and opinions of experts to Plaintiff by this date: _____.

  **C.**    **OPINIONS OF REBUTTAL EXPERT WITNESSES**

The parties shall disclose their rebuttal expert opinions to each other by this date: <u>Monday, February 8, 2021</u>.

**3. LAY (non-expert) WITNESS DISCLOSURE:** The parties shall simultaneously disclose all lay witnesses by: <u>Tuesday,  November 3, 2020</u>.

    (Alternative): The parties shall disclose lay witnesses in the following order, and by the following dates:

_____

_____

_____

**4. FINAL SUPPLEMENTAL DISCLOSURE:**

  **A.**    Each party shall send the other party any final supplemental disclosure by this date <u>Thursday, April 1, 2021</u>.

  **B.**    This order does not replace the parties' obligation to continue to disclose ARCP Rule 26.1 information on an on-going basis and as it becomes available.

  **C.**    No party shall use any lay witness, expert witness, expert opinion, or exhibit at trial not disclosed in a timely manner, except 1) upon order of the court for good cause shown, or 2) upon a written or an on-the-record agreement of the parties.

**5. DISCOVERY DEADLINES:** The Court orders the following Discovery Deadlines:

  **A.**    Tier 1 cases are permitted 120 days in which to complete discovery.

1    **B.**    Tier 2 cases are permitted 180 days in which to complete discovery.

2    **C.**    Tier 3 cases are permitted 240 days in which to complete discovery.

3    **D.**    The time to complete discovery runs from the date of the Early Meeting.

4    **E.**    The parties will submit all discovery pursuant to ARCP Rules 33 through 36

5           by this date: <u>Friday, February 12, 2021</u>.

6    **F.**    The parties will complete the depositions of parties and lay witnesses by this

7           date:

8           <u>Monday, January 11, 2021</u>.

9    **G.**    The parties will complete the depositions of expert witnesses by this date:

10          <u>Wednesday, February 3, 2021</u>.

11   **H.**    The parties will complete all other discovery by this date:

12          <u>Friday, February 12, 2021</u>.

13   **I.**    "Complete discovery" includes conclusion of all depositions and submission

14          of full and final responses to written discovery.

15   6.  **SETTLEMENT CONFERENCE or PRIVATE MEDIATION:**  [Choose One]:

16   ☒ **Referral to ADR** for a settlement conference: The clerk or the court will issue

17       a referral to ADR by a separate minute entry. The parties shall complete the

18       mediation by this date:  <u>Friday, March 19, 2021</u>.

19   ☐ **Private mediation**: The parties shall participate in mediation using a private

20       mediator agreed to by the parties.  The parties shall complete the mediation by:

21       _____.

22   All attorneys and their clients, all self-represented parties, and any non-attorney

23   representatives who have full and complete authority to settle this case shall personally

24   appear and participate in good faith in this mediation, even if no settlement is expected.

25   However, if a non-attorney representative requests a telephonic appearance and the

26   mediator grants the request before the mediation date, a non-attorney representative may

27   appear telephonically.

28       ☐ **NO settlement conference or mediation:** A settlement conference or private

3

1      mediation is not ordered.

27.  **DISPOSITIVE MOTIONS**:

    **A.**    The parties shall file all dispositive motions by: <u>Monday, April 5, 2021</u>.

    **B.**    The parties propose a trial date of no later than this date:

        <u>Wednesday, June 30, 2021</u>.

    **C.**    The parties believe the trial will last _____4_____ days.

**8.**    **TRIAL SETTING CONFERENCE:**

      On **April 13, 2021 at 9:15 a.m.,** the court will conduct a telephonic trial setting conference. Attorneys and self-represented parties shall have their calendars available for the conference.

      **X** Plaintiff ☐ Defendant will initiate the conference call by arranging for the presence of all other counsel and self-represented parties, and by calling this division at **(520) 724-3708** at the scheduled time.

**9.**    **FIRM DATES:**

    **A.**    No stipulation of the parties that alters a filing deadline or a hearing date contained in this scheduling order will be effective without an order of this court approving the stipulation.

    **B.**    Dates set forth in this order that govern court filings or hearings are firm dates and may be modified only with this court's consent and for good cause.

    **C.**    This court ordinarily will not consider a lack of preparation as good cause.

**10.**    **FURTHER ORDERS:** The court further orders as follows: None at this time.

Dated: August 27, 2020

                             _D. Douglas Metcalf_ /s/
                             **D. DOUGLAS METCALF**
                          (ID: c6b32156-7b32-48c7-8507-3937801c9ea5)

                              Judge of the Superior Court

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT NOTICE**
RULE 5(a)(2)(A) ARCP REQUIRES THE ORIGINAL LODGING PARTY SERVE A
COPY OF THIS SIGNED ORDER ON ALL PARTIES TO THIS CASE

# EXHIBIT O

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

FILED
MARY L. HARRISON
CLERK, SUPERIOR COURT

20 AUG 31  AM 9:16

JOHNATHON CROSS VS. EMPRESSIVE CANDLES, LLC

CASE:   C20203041
DATE:   8/28/2020   SO CASTILLO, DEPUTY

---

## ORDER RE SETTLEMENT CONFERENCE

RE:  WRITTEN REQUEST FOR SETTLEMENT CONFERENCE

The Scheduling Order entered by the Court in this matter requires the parties to participate in a Settlement Conference. The party or parties must take the following steps to obtain a Settlement Conference date (unless, for good cause shown, the Court orders that a Settlement Conference is no longer required).

**Within 150 days** of the date of the Scheduling Order the parties or a party must request a Settlement Conference from *CASE MANAGEMENT SERVICES*. Before the expiration of the 150 day time limit, a **written** *Request for Settlement Conference* must:

1. Be **delivered** to the Superior Court *CASE MANAGEMENT SERVICES*,
2. Be **filed** with the Clerk of the Court,
3. Be either stipulated to or be served upon all parties, and
4. **State the month** for which the settlement conference is being requested.

A *Request for Settlement Conference* submitted after the 150 day limit will not be considered and no Settlement Conference will be set.

Because of the volume of settlement conferences the parties should expect that settlement conferences may not be able to be set within 60 days of the submission of the *Request for Settlement Conference*.

Hon. D. DOUGLAS METCALF
CIVIL PRESIDING JUDGE

cc: HON. D. DOUGLAS METCALF
CASE MANAGEMENT SERVICES
CAROL M. ROMANO, ESQ.
JAMES  DASHIELL, ESQ.
JUSTIN S. MCKAY, ESQ.
MITCHELL J. RESNICK, ESQ.

Becky Thomas
Case Management Services

EXHIBIT P

FILED
Gary Harrison
CLERK, SUPERIOR COURT

9/11/2020 12:06:22 PM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20203041
HON. D. DOUGLAS METCALF

Goodnow | McKay
1825 E. Northern Ave., Ste. 135H
Phoenix, AZ 85020
Phone: 602-900-1000
Fax: 602-900-8000
azminutes@goodnowmckay.com
Justin McKay 032491
James R. Dashiell 035816
*Attorneys for Johnathon Cross*

Arizona Superior Court, Pima County

| | |
|---|---|
| Johnathon Cross | Case No. C20203041 |
| Plaintiff | **Notice of Consent to File First Amended Complaint** |
| v. | **And** |
| Empressive Candles, LLC, a Florida Limited Liability Company, and | **Stipulated Motion to Vacate Scheduling Order** |
| Defendants | (Assigned to Hon. D. Douglas Metcalf) |

Pursuant to Rule 15(a)(2), the parties hereby submit this *Notice of Consent to File First Amended Complaint* and this *Stipulated Motion to Vacate Scheduling Order* (the Motion).

Defendant Empressive Candles, LLC ("Empressive") gives consent for Plaintiff to file his First Amended Complaint. A copy of the First Amended Complaint is attached as **Exhibit A**.

For that reason and for the following reasons, the parties move to vacate the August 27 Scheduling Order:

1.     The Court entered a scheduling order on August 27, 2020.

2.     Since that time, Defendant's counsel advised Plaintiff's counsel that it is the opinion of her client that a non-party, Virginia Candle Supply, LLC ("VCS"), was at fault, and that, if Plaintiff did not add VCS as a defendant, she would add it as non-party at fault under A.R.S. Section 12-2506(B).

3.     Rule 15(a)(2) provides that "a party may amend its pleading only with leave of court **or with the written consent of all opposing parties who have appeared in the action**. Leave to amend must be freely given when justice requires." (Emphasis added.).

1

1 | Since all parties who have appeared in this action have consented, Plaintiff will promptly
2 | file and serve his First Amended Complaint.
3 |     4.    The addition of VCS as a defendant will require a new scheduling order to
4 | accommodate the discovery needs of VCS.
5 |     Wherefore, the Court should grant the Motion. A proposed order is attached as
6 | **Exhibit B.**
7
8 |     Goodnow | McKay
9 |     By /s/ Justin McKay
10 |     Justin McKay, Esq.
    James R. Dashiell, Esq.
11 |     1825 E. Northern Ave., Ste. 135H,
    Phoenix, AZ 85020
12 |     *Attorneys for Johnathon Cross*
13
    Resnick & Louis P.C.
14
    By /s/ Justin McKay w/ permission
15 |     Carol M. Romano, Esq
    8111 E. Indian Bend Road
16 |     Scottsdale, AZ 85250
    *Attorneys for Empressive Candles, LLC*
17
18
19
20
21
22
34
24
25
26
27
28

1

Certificate of Service

2   Today, the original of the foregoing will be filed.

3   A copy will be e-mailed to:

4          Carol M. Romano, Esq

5          8111 E. Indian Bend Road

6          Scottsdale, AZ 85250

7          Attorneys for Empressive Candles, LLC

8

9   Done this September 11, 2020 by Justin McKay.

10

11

12

13

14

15

16

17

18

19

20

21

22

34

24

25

26

27

28

1  Goodnow | McKay
   1825 E. Northern Ave., Ste. 135H
2  Phoenix, AZ 85020
   Phone: 602-900-1000
3  Fax: 602-900-8000
   azminutes@goodnowmckay.com
4  Justin McKay 032491
   James R. Dashiell 035816
5  *Attorneys for Johnathon Cross*

6                    Arizona Superior Court, Pima County

7  Johnathon Cross                    Case No. C20203041

8  Plaintiff                          **Order Granting Stipulated Motion to
                                       Vacate Scheduling Order**
9  v.
                                       (Assigned to Hon. D. Douglas Metcalf)
10 Empressive Candles, LLC, a Florida
   Limited Liability Company, and
11
   Defendants
12

13        The Court, having received and reviewed the parties' *Stipulated Motion to Vacate*

14 *Scheduling Order* (the Motion), and good cause appearing:

15        IT IS ORDERED that the Motion is granted.

16        IT IS FURTHER ORDERED that the scheduling order dated August 27, 2020 is

17 vacated.

18

19 _____

20 Date                              Judge of the Superior Court

21

22

34

24

25

26

27

28

                                    1

Goodnow | McKay
1825 E. Northern Ave., Ste. 135H,
Phoenix, AZ 85020
Phone: 602-900-1000
Fax: 602-900-8000
azminutes@goodnowmckay.com
Justin McKay 032491
James R. Dashiell 035816
*Attorneys for Johnathon Cross*

Arizona Superior Court, Pima County

| | |
|---|---|
| Johnathon Cross | Case No. C20203041 |
| Plaintiff | First Amended Complaint |
| v. | Tort – Non-Motor Vehicle<br>Tier 2 |
| Empressive Candles, LLC, a Florida Limited Liability Company, and | (Assigned to the Hon. D. Douglas Metcalf) |
| ~~Defendant~~ | |
| Virginia Candle Supply, LLC a Tennessee Limited Liability Company, | |
| Defendants | |

Plaintiff alleges as follows:

## Parties

1.      Plaintiff, Jonathon Cross ("John"), is an individual who, at all material times, resided in Pima County.

2.      Defendant, Empressive Candles, LLC ("Empressive~~" or "Defendant", which refers to both the entity or its agents acting in the course and scope of employment).~~"). is a Florida limited liability company, which, at all material times, was doing business as a manufacturer and retailer of customized candles at 4500 N. Oracle Rd., Tucson Mall, Tucson, AZ.

3.      Defendant, Virginia Candle Supply, LLC ("VCS") a Tennessee Limited Liability Company, is a Tennessee limited liability company, which, at all material times, was doing business as a manufacturer and wholesaler of gels, fragrances and other materials used by Empressive to manufacture and sell candles.

## Jurisdiction and Venue

3.4.    At all material times, ~~Defendant~~Empressive was doing business in Pima County.

5.    ~~The sale of the~~ Plaintiff has been informed and believes that, at all material times, VCS was selling materials to Empressive that were used to make the customized candle (the "Candle") that ~~caused the accident (the "Accident") which~~ is the subject of this ~~lawsuit.~~case.

4.6.    The sale of the "Candle" took place at ~~Defendant's~~Empressive's place of business in Pima County.

5.7.    The ~~Accident~~accident, which is the subject of this lawsuit~~.~~ (the "Accident"), took place at Plaintiff's residence in Pima County.

8.    Defendant, Empressive, is a Florida LLC with its principal place of business in Jacksonville, FL. Accordingly, ~~Defendant~~Empressive resides outside the State of Arizona.

6.9.    Defendant, VCS, is a Tennessee LLC with its principal place of business in Tennessee. Accordingly, VCS resides outside the State of Arizona.

7.10.    ARS 12-401(1) provides in relevant part: "When a defendant or all of several defendants reside without the state … the action may be brought in the county in which the plaintiff resides."

8.11.    ~~Accordingly, this Court has subject-matter~~Consequently, jurisdiction and venue ~~is~~are proper ~~in this Court~~.

**The Product**

9.12.    On November 16, 2019, Plaintiff purchased the Candle for his mother, Lisa Thomas ("Lisa"), at Empressive.

10.13.    An accurate copy of the receipt for the Candle is attached as Exhibit 1.

**The Accident**

11.14.    In the evening of November 28, 2019, while at the home of her son, John, located at 3108 N Terrel Pl, Tucson, AZ 85716, Lisa Thomas lit the candle and laid down on the bed to relax.

2

12.15.  Shortly thereafter, Lisa noticed the smell of something burning, and saw the Candle engulfed in flames approximately two feet high.

13.16.  Lisa was unable to put out the flames herself and called John for help.

14.17.  John was successful in putting out the flames but, in the process, sustained serious and permanent injuries, including severe burns.

### Liability – Common Allegations

18.    Lisa and Jonathon used the candle in a proper and reasonably foreseeable manner.

19.    Plaintiff sustained damages as described herein.

20.    Plaintiff's damages were caused by the defective design, manufacture and information provided by each of the defendants as set forth in Counts I and II below.

21.    Plaintiff's damages were caused by the concerted action of the defendants in knowingly and intentionally placing into the stream of commerce for economic gain to be derived ultimately from end-users, such as Plaintiff, a product and/or products, which they knew, or reasonably should have known, was unreasonably defective and unreasonably dangerous.

### Count I – Defective Design, Manufacture and Information – Empressive

In Count I, Plaintiff makes the following claims against Empressive:

15.22. At the time Plaintiff purchased the Candle, Defendant was Empressive was, or reasonably should have been, aware of problems design, manufacturing and infor-mation defects in the Candle related to the increased flammability of the materials used to create the Candleit and other similar candles in its store.

23.    AtThe design and manufacturing defects included, without limitation, the time Plaintiff purchased the following:

    a.  The Candle. Defendant contained too much fragrance relative to its other ingredients;

    b.  The fragrance used ignited at too low a temperature;

3

c.   The fragrance was ~~aware that~~ not compatible with the gel used to manufacture the Candle;

d.   The mineral oil or other ingredients in the gel were too volatile and/or burned at too high a temperature;

e.   The liquid gel resulting from the ignition of the fragrance and/or the mineral oil or other materials in the gel was excessively hot;

~~16.~~f.   Any of the foregoing defects, or combination of them, could ~~behave in an unexpected way~~cause a spontaneous combustion of the type that caused the Accident.

~~17.~~24.   At the time Plaintiff purchased the Candle, ~~Defendant~~Empressive was aware that the Candle could behave in an unexpected way that could cause injury to Plaintiff.

25.   The information defects included, without limitation, the following:

~~18.~~a.   At the time Plaintiff purchased the Candle, ~~Defendant~~Empressive did not warn Plaintiff that the Candle could behave in an unexpected way.

~~19.~~b.   At the time Plaintiff purchased the Candle, ~~Defendant~~Empressive did not warn Plaintiff that the Candle could behave in an unexpected way that could cause injury to Plaintiff.

~~20.~~c.   At the time Plaintiff purchased the Candle, ~~Defendant~~Empressive did not warn Plaintiff that it was possible the Candle was more flammable than expected.

~~21.   The Candle contained too much fragrance relative to its other ingredients.~~

~~22.   Lisa and Jonathon used the candle in a reasonably foreseeable manner.~~

~~23.~~26. ~~Defendant~~Empressive is vicariously liable for the acts and omissions of its agents acting within the course and scope of employment under the doctrine of ~~respondeat superior~~Respondeat Superior.

**Claim 1: Product Liability**

~~24.~~27. ~~Defendant~~Empressive is at fault for the design, manufacture and/or sale of a defective and unreasonably dangerous product.

4

25.28. DefendantEmpressive manufactured and/or sold a product that was defective and unreasonably dangerous at the time it left Defendant's control, and the defect was a cause of Plaintiff's injury.

26.29. DefendantEmpressive was a manufacturer of the Candle.

30.     DefendantEmpressive was a designer of the Candle.

27.31.  Empressive was a seller of the Candle.

28.32. The Candle was defective and unreasonably dangerous, at the time it was sold to Plaintiff, including, without limitation, the following respects:

29.a.     The Candle contained a manufacturing defect.

30.b.     The Candle contained a design defect.

31.c.     The Candle contained an information defect.

32.33. One or more of the defects were a cause of Plaintiff's injuries.

### Count II – Defective Design, Manufacture and Information – VCS

In Count II, Plaintiff makes the following claims in addition, and in the alternative, to those asserted in Count I against VCS:

34.     Empressive purchased the materials to make the Candle from VCS (the "VCS Materials").

35.     VCS knew, or reasonably should have known, that the VCS Materials would be used by Empressive to make candles like, or similar to, the Candle.

36.     VCS knew, or reasonably should have known, that Empressive intended to sell the candles it made from the VCS Materials to the general public, including consumers like John.

37.     VCS was, or reasonably should have been, aware of design, manufacturing and information defects in the VCS Materials related to their increased flammability when they were sold to Empressive.

38.     The design and manufacturing defects included, without limitation, the following:

a.  The gel contained too much fragrance relative to its other ingredients;

5

b.  The fragrance sold ignited at too low a temperature;

c.  The fragrance was not compatible with the gel sold to manufacture the Candle and/or those similar to it;

d.  The mineral oil or other ingredients in the gel were too volatile and/or burned at too high a temperature;

e.  The liquid gel resulting from the ignition of the fragrance and/or the mineral oil or other materials in the gel was excessively hot; and

f.  Any of the foregoing defects, or combination of them, could cause a spontaneous combustion of the type that caused the Accident.

39.    At the time Empressive purchased the VCS Materials, VCS was aware that the VCS Materials could behave in an unexpected way that could cause injury to consumers, such as Plaintiff.

40.    The information defects included, without limitation, the following:

a.  At the time Empressive purchased the VCS Materials, VCS did not warn Empressive that use of the VCS Materials would produce candles that could behave in an unexpected way.

b.  At the time Empressive purchased the VCS Materials, VCS did not warn Empressive that use of the VCS Materials would produce candles that could behave in an unexpected way that could cause injury to consumers such as Plaintiff.

c.  At the time Empressive purchased the VCS Materials, VCS did not warn Empressive that the use of the VCS Materials would produce candles that were more flammable than expected.

41.    VCS is vicariously liable for the acts and omissions of its agents acting within the course and scope of employment under the doctrine of Respondeat Superior.

42.    VCS is at fault for the design, manufacture and/or sale of defective and unreasonably dangerous products.

6

43.    VCS manufactured and/or sold a product or products that were defective and unreasonably dangerous at the time they left the control of VCS, and the defect(s) were a cause of Plaintiff's injury.

44.    VCS was a manufacturer of the VCS Materials.

45.    VCS was a designer of the VCS Materials.

46.    VCS was a seller of the VCS Materials.

47.    The VCS Materials were defective and unreasonably dangerous at the time they were sold to Empressive, including, without limitation, the following respects:

    a.  They contained a manufacturing defect.

    b.  They contained a design defect.

    c.  They contained an information defect.

48.    One or more of the defects were a cause of Plaintiff's injuries.

**Count III – Acting in Concert – Joint and Several Liability**

In Count III, Plaintiff makes the following claims in addition, and in the alternative, to those asserted in Counts I and II, against Defendants, individually and collectively:

49.    Plaintiff incorporates herein all of the allegations in Counts I and II.

50.    A.R.S. Sec. 12-2506 abolished joint and several liability except in certain circumstances listed in Sec. 12-2506 D. One of those circumstances is when both parties "were acting in concert." Sec. 12-2506 D.1.

51.    A.R.S. Sec. 12-2506 F.1. provides that "'Acting in concert' means entering into a conscious agreement to pursue a common plan or design to commit an intentional tort and actively taking part in that intentional tort."

52.    For the reasons set forth above, Defendants acted in pursuit of a common plan or design in that they intentionally placed into the same stream of commerce defective products for profits that were derived from the same group of end-users, including John.

~~33.1.   Plaintiff sustained damages as described herein.~~

**Damages**

7

34.53. Plaintiff suffered, and continues to suffer, damages caused by Defendants as set forth above. including, but not limited to:

35.54. Physical and emotional injuries, some of which may be permanent;

36.55. Physical and emotional pain, discomfort, suffering, disability, disfigurement, and anxiety already experienced and to be experienced in the future;

37.56. Loss of enjoyment of life and participation in life's activities to the quality and extent normally enjoyed before the accident already experienced and to be experienced in the future;

38.57. LostLoss of earnings to date and loss of earning power or capacity in the future; and

39.58. General, special, incidental, consequential, consortium, compensatory and hedonic damages, the full nature and extent of which are not yet determined, including, but not limited to, medical expenses both past and future.

40.59. Plaintiff is entitled to recover damages from DefendantDefendants in an amount to be determined at trial which is in excess of the minimum jurisdictional limits of this Court.

**Wherefore,** Plaintiff, prays for judgment against Defendant as follows:

A. Against Defendant, Empressive Candles, LLC:

    1)  For general, special, incidental, consequential, hedonic, and compensatory damages, as alleged above, in amounts to be proven at trial;

    2)  For costs incurred herein and accruing;

    3)  For interest on the foregoing sums at the statutory rate; and

    4)  For such other and further relief as the Court may deem just and proper.

B.    Against Virginia Candle Supply, LLC:

    1)  For general, special, incidental, consequential, hedonic, and compensatory damages, as alleged above, in amounts to be proven at

8

trial;

2)  For costs incurred herein and accruing;

3)  For interest on the foregoing sums at the statutory rate; and

4)  For such other and further relief as the Court may deem just and proper.

C.      Against Defendants, jointly and severally:

A.1)   For general, special, incidental, consequential, hedonic, and compensatory damages, as alleged above, in amounts to be proven at trial;

B.2)   For costs incurred herein and accruing;

C.3)   For interest on the foregoing sums at the statutory rate; and

D.4)   For such other and further relief as the Court may deem just and proper.

Dated: 7/17____/____/2020

Goodnow | McKay

By /s/ Justin McKay_____
Justin McKay, Esq.
James R. Dashiell, Esq.
1825 E. Northern Ave., Ste. 135H,
Phoenix, AZ 85020
*Attorneys for Johnathon Cross*

9

# EXHIBIT Q

FILED
GARY L. HARRISON
CLERK. SUPERIOR COURT
9/11/2020 3:45:20 PM
CASE C20203041

1    Goodnow | McKay
     1825 E. Northern Ave., Ste. 135H
2    Phoenix, AZ 85020
     Phone: 602-900-1000
3    Fax: 602-900-8000
     azminutes@goodnowmckay.com
4    Justin McKay 032491
     James R. Dashiell 035816
5    *Attorneys for Johnathon Cross*

6                        Arizona Superior Court, Pima County

7    Johnathon Cross                      Case No. C20203041

8    Plaintiff                            **Order Granting Stipulated Motion to**
                                          **Vacate Scheduling Order**
9    v.
                                          (Assigned to Hon. D. Douglas Metcalf)
10   Empressive Candles, LLC, a Florida
     Limited Liability Company, and
11
     Defendants
12

13        The Court, having received and reviewed the parties' *Notice of Consent to File*

14   *First Amended Complaint and Stipulated Motion to Vacate Scheduling Order* (the Mo-

15   tion), and good cause appearing:

16        IT IS ORDERED  Plaintiff is GRANTED  permission to file the First Amended

17   Complaint.

18        IT IS FURTHER ORDERED the motion is GRANTED and the scheduling order

19   dated August 27, 2020 is VACATED.    The Trial Setting Conference set for April 13,

20   2021 at 9:15 a.m. is VACATED.

21

22   DATED:   September 11, 2020

34                                          *[signature]* /s/
                                          **D. DOUGLAS METCALF**
24                                          (ID: b7da94eb-b133-4d5c-bb4f-14e2a3dab662)

25                                 **COURT NOTICE**
26   RULE 5(a)(2)(A) ARCP REQUIRES THE ORIGINAL LODGING PARTY SERVE A
27       COPY OF THIS SIGNED ORDER ON ALL PARTIES TO THIS CASE

28

                                          1