**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnathon Cross, <br><br> Plaintiff, <br><br> v. <br><br> Empressive Candles LLC, et al., <br><br> Defendants. | No. CV-20-00423-TUC-RM (MSA) <br><br> **REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant Binder Industries, Inc.'s motion for summary judgment. (Doc. 75.) The motion has been fully briefed and is suitable for decision without oral argument. (Docs. 77, 79.) For the following reasons, the Court will recommend that the motion be granted in part and denied in part.[1]

**Background**

Plaintiff Johnathon Cross sustained serious and permanent injuries when he attempted to put out a candle that had become "engulfed in flames approximately two feet high." (Doc. 76, ¶ 1.) Plaintiff purchased the candle from a candle store owned by Eldogina Crawford. (*Id.* ¶¶ 2–3.) Crawford made the candle using a mixture of gel, fragrance, and glitter. (*Id.* ¶ 3.) Crawford purchased the fragrance, called Amber Sunset, from Defendant. (*Id.* ¶¶ 3–4.)

Plaintiff alleges that the Amber Sunset fragrance had an informational defect for

---

[1] Plaintiff agrees that summary judgment is appropriate as to his claim that Defendant is jointly and severally liable with other at-fault parties. That claim is not discussed further in this report.

which Defendant is strictly liable. This claim has three elements: the "product is defective and unreasonably dangerous, the defect existed at the time it left defendant's control, and the defect is a proximate cause of plaintiff's injury or property loss." *Menendez v. Paddock Pool Constr. Co.*, 836 P.2d 968, 971 (Ariz. Ct. App. 1991) (citing *Rocky Mountain Fire & Cas. Co. v. Biddulph Oldsmobile*, 640 P.2d 851, 854 (Ariz. 1982)). Plaintiff alleges that the fragrance was defective because Defendant advertised it as being safe for use in gel candles although its polarity and low flashpoint make it unsafe for such use. He alleges that Defendant's failure to provide an accurate warning proximately caused his injuries because Crawford would not have used the fragrance had an accurate warning been provided, and because the fragrance caused the candle to burst into flames.

Plaintiff's position that the fragrance caused the flashover is based on the expert opinion of David Komm, a licensed mechanical engineer and certified fire investigator who has over 20 years of experience in forensic engineering. (Doc. 76-2 at 2.) Komm's investigation was consistent with the scientific method and with techniques established by the National Fire Protection Association. (*Id.* at 3, 9–10, 31–32.) It included an interview of Plaintiff, scientific testing, and a review of various materials, including discovery responses, Defendant's and other parties' websites, a product bulletin explaining the "safety factors" for gel candles, prior gel-candle product recalls, and a candle-specific publication issued by the American Society for Testing and Materials. (*Id.* at 6–7, 11–30, 33–34, 48–50.) Komm offers the following opinions regarding the subject candle: it is more likely than not that the candle contained an excessive amount of Amber Sunset, which is a polar fragrance; during previous uses of the candle, the polar fragrance separated from the nonpolar gel wax and concentrated into combustible pockets; and, on the final use of the candle, the pockets of fragrance were ignited by the open flames at the candle wicks, causing the flashover. (*Id.* at 31, 35.)

## Legal Standard

A party is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and [that he] is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must then "go beyond the pleadings" and produce evidence "showing that there is a genuine issue for trial." *Id.* at 324. When determining whether summary judgment is appropriate, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

**Discussion**

Defendant argues that summary judgment must be granted because there is no evidence the Amber Sunset fragrance caused the candle flashover. The success of this argument turns on the admissibility of Komm's proposed testimony. Defendant contends that Komm's opinions are speculative, and thus inadmissible, because he never tested the subject candle to determine its fragrance load. In response, Plaintiff argues that Defendant's criticism goes to the weight of Komm's opinions, not to their admissibility. Plaintiff further argues that, when considered as a whole, Komm's opinions create a triable issue on causation. As discussed below, Plaintiff has the better argument.

> Under Federal Rule of Evidence 702, expert testimony is admissible if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Defendant's argument amounts to an attack on the sufficiency of the facts and data underlying Komm's opinions. This "element requires foundation, not corroboration." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022). "The expert's opinion must rest on 'facts or data in the case that the expert has been made aware of or personally observed,' not merely assumptions and speculation." *Stephens v. Union Pac. R.R.*, 935 F.3d

852, 856 (9th Cir. 2019) (quoting Fed. R. Evid. 703). An opinion may be excluded if "there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Here, each part of Komm's proposed testimony is based on sufficient facts and data. *See id.* at 144 (framing the issue as "whether these experts' opinions were sufficiently supported by the animal studies on which they purported to rely" (emphasis omitted)). Through his interview of Plaintiff and review of discovery materials, Komm became aware of the following facts: the subject candle had been used about six times, for about 30 minutes each time, before the date of the flashover; during the final use, the flames extended over the entire surface of the candle and reached about two feet in height; the candle contained the Amber Sunset fragrance; and Crawford had had recent issues with too much fragrance in gel candles. (Doc. 76-2 at 6–7, 11, 34–35.) Through his independent research, Komm learned that polar fragrances with a flashpoint below 170 degrees Fahrenheit should not be used in gel candles, and that the Amber Sunset fragrance has a flashpoint of 160 degrees. (*Id.* at 11, 18, 29, 33–34, 49.)

Next, Komm conducted a series of tests "using the same supplies and components as the subject [candle] where possible." (*Id.* at 15.) A solubility test showed that Amber Sunset is a polar fragrance. (*Id.* at 16.) A flammability test showed that Amber Sunset alone (i.e., not mixed with gel wax) "can be lit by flame and sustain a burn across the entire surface of the liquid," while gel wax alone is unlikely to sustain a flame. (*Id.* at 19–20.) Various tests of exemplar candles showed that, during candle burn, a polar fragrance "separates from the [nonpolar] gel and concentrates in the liquid portion of the candle." (*Id.* at 21–24.) The tests also showed that a "cloudy" mixture results when nonpolar gel wax is "mixed with polar fragrances at higher loads than recommended." (*Id.* at 22.) Komm observed that the subject candle has sections which are clear and other sections which are cloudy. (*Id.* at 27.)

The foregoing evidence is circumstantial, but it adequately supports Komm's opinions. *See Elosu*, 26 F.4th at 1028 (observing that fire causation "must often be proven

through a combination of common sense, circumstantial evidence and expert testimony" (quoting *Ricci v. Alt. Energy Inc.*, 211 F.3d 157, 162–63 (1st Cir. 2000))). Amber Sunset is a polar fragrance, and polar fragrances separate from nonpolar gel wax during candle burn, so Komm could reasonably infer that separation occurred in the subject candle during previous burns. This inference is further supported by Komm's observation that the subject candle has clear sections and cloudy sections, because test results indicate that a cloudy mixture results when gel wax is mixed with a higher-than-recommended amount of polar fragrance. Furthermore, test results indicate that polar fragrances concentrate around the candle wick, which is a "[c]ompetent" ignition source when lit. (Doc. 76-2 at 31.) Since fragrances alone can ignite and sustain a surface flame, while gel wax alone cannot, Komm could reasonably infer that the candle-wick flames ignited concentrated pockets of fragrance. And since Plaintiff witnessed flames reaching two feet in height, Komm could also infer that the candle probably contained too much fragrance.

As previously noted, Defendant contends that Komm's opinions are speculative because he never determined the amount of fragrance in the subject candle. According to Defendant, the omission means there is no evidence rebutting Crawford's testimony that she used an appropriate amount of fragrance. Crawford testified that she used only four ounces of fragrance in the batch of gel that produced the subject candle (and seven others), when she could have used twice that amount according to industry standards. (Doc. 76-1 at 3–4.) Defendant argues that "[t]here is absolutely no evidence to prove how much of the 4 [ounces] of fragrance . . . ended up in the subject candle or ended up in the 'pockets of actual concentration of fragrance' allegedly in the subject candle." Defendant dismisses Komm's opinion that Crawford probably used too much fragrance as a mere "assumption."

As an initial matter, the Court disagrees with Defendant's apparent belief that testing the subject candle's fragrance load is the only way to prove causation. The Federal Rules of Evidence do not require that experts conduct their investigations in any particular way, and Defendant cites no authority requiring experts in products-liability cases to test the exact product that injured the plaintiff. Notably, under Defendant's view, it would be

impossible to prove causation if the candle had been destroyed. That cannot be correct. *See Elosu*, 26 F.4th at 1028 (stating that experts routinely rely on "circumstantial evidence and inferences" when evidence of a fire's origin has been destroyed).

Furthermore, Defendant ignores that Komm may have valid reasons for not testing the candle. Komm, for instance, may believe that a test would not accurately gauge the condition of the candle at the time of flashover. After all, there is evidence that some of the melted liquid spilled out of the candle container onto Plaintiff's hands. (Doc. 76-2 at 6.) There is also evidence that the subject candle was engulfed in flames, and that flames can burn away fragrance when it is in liquid form. (*Id.* at 6, 19.) In addition, it appears that each party received only a few sections of the candle for testing. (*Id.* at 27; Doc. 76-7 at 2.) Given Komm's theory that the fragrance separated and concentrated, this also may have prevented an accurate measure of the candle's fragrance load.

Moving on, the Court disagrees that Komm is assuming there was too much fragrance in the candle; rather, he is making an inference based on data gathered during his investigation. A jury could reasonably rely on that inference to reject Crawford's testimony that she used an appropriate amount of fragrance. Moreover, the Court disagrees that the jury would need to specifically determine that the candle contained "too much" fragrance. The evidence indicates that Amber Sunset's polarity and low flashpoint created an increased risk of flashover. In view of this special threat, it makes sense that flashover could occur even if the amount of fragrance was not excessive. (But, again, the jury *could* infer that there was an excessive amount of fragrance.)

Defendant also says that Komm's opinions are undermined by his own test results. Komm created several exemplar candles, with each having a different amount of Amber Sunset fragrance, and observed the candles burn. (Doc. 76-2 at 25.) Although industry standards allow for no more than a 7% fragrance load, the test results show that a fully mixed candle with a 20% load will burn normally at the wick, and that it takes between a 30% and 50% load to achieve the possibility of surface ignition. (*Id.*) Defendant says that because Komm never tested the amount of fragrance in the subject candle, he "is

- 6 -

speculating and guessing that the 'pockets' of fragrance contained a fragrance load of at least over 20% or as high as 30-50%." Contrary to Defendant's argument, though, the foregoing results *support* Komm's opinions. Defendant overlooks that Komm conducted flame tests on parts of the subject candle, and that one test produced a surface flame that continued until put out manually. (*Id.* at 27.) Thus, it can be inferred that the pockets contained enough fragrance to cause surface ignition.

The Court finds that Komm's proposed testimony is based on sufficient facts and data. Fed. R. Evid. 702(b). Defendant's "concerns speak to corroboration, not foundation." *Elosu*, 26 F.4th at 1023–24. Such concerns are "properly addressed through impeachment before a jury at trial—not exclusion by a district judge at the admissibility stage." *Id.*

**Conclusion**

Plaintiff can establish proximate causation by showing that a proper warning would have prevented his injuries. *Golonka v. Gen. Motors Corp.*, 65 P.3d 956, 965–66 (Ariz. Ct. App. 2003) (citing *Gosewisch v. Am. Honda Motor Co.*, 737 P.2d 376, 379 (Ariz. 1987)). Here, Plaintiff has presented expert testimony supporting his theory that the Amber Sunset fragrance caused the candle to burst into flames. And he has pointed to testimony indicating that Crawford would not have used the fragrance if Defendant had provided an accurate warning about its polarity and flashpoint. (Doc. 78-3 at 4–5, 10–11.) A reasonable jury could rely on this evidence to find that Defendant's failure to warn proximately caused Plaintiff's injuries. Therefore,

**IT IS RECOMMENDED** that the motion for summary judgment (Doc. 75) be **granted in part** and **denied in part**. The Court recommends that summary judgment be granted as to Plaintiff's claim that Defendant is jointly and severally liable. The Court recommends that summary judgment be denied as to Plaintiff's strict-liability claim.

This recommendation is not immediately appealable to the United States Court of Appeals for the Ninth Circuit. The parties shall have fourteen days from the date of service of this recommendation to file specific written objections with the district court. The parties shall have fourteen days to file responses to any objections. 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b)(2). No replies may be filed absent prior authorization by the district court. Failure to file timely objections may result in the acceptance of this recommendation by the district court without de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 5th day of July, 2022.

                                             *Maria S. Aguilera*
                                           Honorable Maria S. Aguilera
                                           United States Magistrate Judge