**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnathon Cross,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Candlewic,<br><br>　　　　　Defendant. | No. CV-20-00423-TUC-RM (MSA)<br><br>**ORDER** |

Pending before the Court is Plaintiff Johnathon Cross's Motion to Amend Pretrial Order and Defer Certain Evidentiary Rulings on Dr. Mitchel Lipton's Trial Testimony (Doc. 136), to which Defendant Candlewic responded (Doc. 139), and Defendant's Motion to Strike Portions of Dr. Lipton's Trial Testimony (Doc. 138). The Court heard oral argument at a Pretrial Conference held on September 13, 2023, and took the matters under advisement. (Doc. 140.)

**I.     Plaintiff's Motion to Amend Pretrial Order**

Plaintiff requests that the Court amend the Joint Proposed Pretrial Order (Doc. 88) to include two exhibits Plaintiff avers "may have been inadvertently omitted from [Defendant's] responses to discovery." (Doc. 136 at 5.) The first exhibit is an email dated June 17, 2021, and the second exhibit is an email dated August 26, 2020. (*Id.* at 1.) Defendant Candlewic opposes the admission of both documents. (Doc. 139.)

**A.     Email Dated June 17, 2021**

In his Motion to Amend Pretrial Order, Plaintiff explains that he "specifically asked

for documents reflecting representations made by French Color and Chemical about the compatibility of Amber Sunset with a gel candle." (Doc. 136 at 1.) Plaintiff avers that Candlewic initially "responded that no such documents existed, but later disclosed the email chain in question with its Second Supplemental Disclosure Statement." (*Id.* at 1-2.) Plaintiff argues that the email is relevant to the disputed factual issue of Amber Sunset's polarity and Defendant's knowledge of the same. (*Id.* at 2.) Plaintiff contends that the Pretrial Order should be amended to allow the email to be used as evidence because (1) the email "is within the scope of Candlewic's Response to Plaintiff's Request for Production #2, which Plaintiff listed on the Order," and (2) "Candlewic has a duty to supplement its discovery responses under FRCP 26(e)." (*Id.*)

Defendant objects to the admission of the email dated June 17, 2021. (Doc. 139.) Defendant notes that "Plaintiff admits this document was produced by Defendant on December 2, 2021…prior to filing the Proposed Joint Pretrial Order dated September 30, 2022." (*Id.* at 2.) Therefore, Defendant argues Plaintiff should not be excused from his obligation to include this exhibit in the Joint Proposed Pretrial Order. (*Id.*) Next, Defendant argues that it is "simply requiring Plaintiff meet its burden and prove the fact of whether Amber Sunset is polar." (*Id.*) Finally, Defendant avers that "[i]t is prejudicial to Candlewic for Plaintiff to attempt to introduce new evidence into this matter on the eve of trial." (*Id.*)

The Court's Scheduling Order states that the preparation and filing of the Joint Proposed Pretrial Order "will be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure." (Doc. 21 at 4.) Pursuant to Federal Rule of Civil Procedure 37(c)(1), a party that fails to provide information required by Rule 26(a) "is not allowed to use that information" to supply evidence at trial, "unless the failure was substantially justified or is harmless."

The parties concur that Defendant disclosed the email in question in its Second Supplemental Disclosure Statement on December 2, 2021. (Doc. 136 at 1-2; Doc. 139 at 2.) The Court concurs with Defendant that Plaintiff should have included this email in the

Joint Proposed Pretrial Order. (*See* Doc. 139 at 2.) However, Defendant has been aware of the email since at least December 2021 when it disclosed the email to Plaintiff, and Defendant has failed to clearly articulate how it would be prejudiced by the email's admission. Accordingly, the Court finds that Plaintiff's failure to list the email in the Joint Proposed Pretrial Order is harmless, and the Court will grant Plaintiff's request to amend the Pretrial Order to allow the June 17, 2021 email to be used as evidence at trial.

### B. Email Dated August 26, 2020

The second exhibit is an email dated August 26, 2020. (Doc. 136 at 2.) Plaintiff argues that Defendant should have disclosed this email in its Response to Plaintiff's Request for Production #1, which "asked for all emails between Candlewic and Empressive Candles from 01/01/2019 to the present." (*Id.*) Plaintiff states that "Candlewic directed Plaintiff to its First Supplemental Disclosure Statement, but the email chain in question was not included." (*Id.*) Plaintiff notes that "[t]his email was initially disclosed in Empressive Candles' Response to Plaintiff's Request for Production #1." (*Id.*) Plaintiff avers this email should be admissible as evidence at trial because (1) it "is within the scope of the written discovery that Plaintiff listed on the Order," and (2) "Candlewic has a duty to supplement its discovery responses under FRCP 26(e)." (*Id.*)

In its Response, Defendant explains that Candlewic did not enter an appearance in this case until after non-party Empressive Candles disclosed the August 2020 email to Plaintiff. (Doc. 139 at 2.) Defendant further avers that this email did not appear when it searched for emails. (*Id.*) Defendant notes that Plaintiff had the email for nearly a year and a half because the parties submitted the Joint Proposed Pretrial Order. (*Id.*) Finally, Defendant asserts that it would be prejudiced if Plaintiff were allowed to introduce the email into evidence. (*Id.*)

At the September 13, 2023 Pretrial Conference, Defendant averred that unlike the June 2021 email that Defendant had disclosed, Defendant had not seen the August 2020 email until the day before, on Tuesday, August 12, 2023. Thus, the Court concurs with Defendant that admitting this evidence may subject Defendant to undue prejudice. Because

Plaintiff has not shown that the failure to list this email in the Joint Proposed Pretrial Order was substantially justified or is harmless, the Court declines to amend the Pretrial Order to allow the August 2020 email to be used as admissible evidence at trial.

**II.   Plaintiff's Request to Eliminate the Need for Custodian Testimony for Plaintiff's Medical Records**

Plaintiff avers that he listed a complete copy of his medical records as an exhibit in the Pretrial Order. (Doc. 136 at 2-3; *see also* Doc. 88 at 14.) Plaintiff states that he believes Defendant may object to the records' admissibility, even though it did not object to them at the time they were disclosed. (Doc. 136 at 3.) In anticipation of potential objection, Plaintiff states that he subpoenaed the custodians of records for both facilities at which Plaintiff received treatment, and "[t]he custodians responded with notarized affidavits confirming the records' authenticity." (*Id.*) Plaintiff now requests that the Court find that testimony from the custodians is not necessary to admit the records into evidence because:

1. The notarized affidavits meet the requirements of FRE 902(11) to qualify the records as self-authenticating.
2. Alternatively, Plaintiff can lay the foundation for the records, as he personally collected them from the providers. Plaintiff is prepared to testify to their accuracy.
3. Candlewic had an opportunity to object to the records earlier but did not do so.
4. The records have been fully disclosed, so there is no surprise or prejudice to the Candlewic.
5. Admitting the records without custodian testimony avoids cumulative evidence and promotes efficiency.

(*Id.*) Finally, Plaintiff states that if the Court agrees the records are self-authenticating, Plaintiff will request to enter them into evidence during Plaintiff's testimony. (*Id.*)

In Response, Defendant states it was unaware that Plaintiff served the trial appearance subpoenas at issue and that Plaintiff has not disclosed copies of the records provided to the custodians as exhibits. (Doc. 139 at 3.) Thus, Defendant argues it does not know which records pertain to the affidavits confirming the records' authenticity, nor can Defendant "tell if the records sent to the Custodians were disclosed prior to yesterday." (*Id.*) Furthermore, Defendant asserts that "Plaintiff has the burden of laying foundation for and identifying all records and should be required to do so at trial without skipping steps." (*Id.*) Finally, Defendant cites concerns about Plaintiff's changes to the way in which he

- 4 -

marked exhibits and the prejudice to Defendant stemming from the need to revise its exhibits and make new objections. (*Id.*)

Federal Rule of Evidence 902 provides that certain "items of evidence are self-authenticating" such that "they require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902. Such items may include "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian." Fed. R. Evid. 902(11). A record meets the requirements of 803(6) if:

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity

Fed. R. Evid. 803(6)(A)-(C).

It appears that the notarized affidavits meet the requirements of Federal Rule of Evidence 902(11). Therefore, the Court confirms that testimony from the custodians will be unnecessary to admit the records into evidence. However, the Court admonishes Plaintiff that he should disclose copies of the records provided to the custodians of records so Defendant knows which records pertain to the affidavits and can confirm that the records sent to the custodians were disclosed. Furthermore, the Court will require Plaintiff to lay foundation for the records and testify to their accuracy, as Plaintiff indicated he was prepared to do. (*See* Doc. 136 at 3.)

**III.  Defendant's Motion to Strike Portions of Dr. Lipton's Trial Testimony and Plaintiff's Request to Defer Some Evidentiary Decisions on Dr. Lipton's Testimony Until After Plaintiff Testifies**

The parties report that Plaintiff's expert witness, Mitchel Lipton, MD, will appear at trial via videotaped testimony. (Doc. 136 at 3-5; Doc. 138.) Defendant has filed a Motion to Strike Portions of Dr. Lipton's testimony. (Doc. 138.) Plaintiff requests that the Court defer ruling on some of Defendant's objections to Dr. Lipton's testimony until after Plaintiff testifies, as Plaintiff's testimony will lay foundation for photographs shown

to Dr. Lipton during the deposition and for Dr. Lipton's opinions. (Doc. 136 at 3-5.) The Court will defer ruling on objections related to the photographs shown to Dr. Lipton until after Plaintiff testifies at trial, and otherwise rules on the objections as follows:[1]

- Page 7, lines 13-18: Sustained
- Page 10, line 17: Overruled
- Page 18, lines 9-23: Overruled
- Page 19, lines 2-15, 19-25: Taken under advisement
- Page 20, lines 12-17, 20-23: Taken under advisement
- Page 21, lines 4-16: Taken under advisement
- Page 22, lines 16-24 to Page 23, lines 1-7: Overruled
- Page 26, lines 15-25 to page 27, lines 1-16: Taken under advisement
- Page 27, lines 1-16: Taken under advisement
- Page 33, lines 4-6: Sustained
- Page 33, lines 7-9: Sustained, but the exhibits may be admissible if another witness lays foundation
- Page 39, lines 1-7, 9-14, 22-25: Sustained
- Page 40, lines 1-9: Sustained
- Page 41, lines 4-12: Overruled
- Page 42, lines 11-13: Overruled
- Page 42 line 25 to page 43 lines 1-7: Overruled
- Page 45, lines 1-5: Overruled
- Page 57, lines 2-7: Sustained
- Page 61, lines 7-23: Overruled

. . . .

. . . .

. . . .

---

[1] The parties provided the court a copy of Dr. Lipton's testimony with objections highlighted. There is highlighted text on page 48 of the deposition transcript, but the nature of Defendant's objection to that text, if any, is unclear.

1    **IT IS ORDERED** that Plaintiff's Motion to Amend Pretrial Order and Defer Certain Evidentiary Rulings on Dr. Mitchel Lipton's Trial Testimony (Doc. 136) is **partially granted and partially denied**. The Court amends the Pretrial Order to allow Plaintiff to seek admission of the email dated June 17, 2021 but declines to amend the Pretrial Order to allow admission of the email dated August 26, 2020. The Court confirms that Plaintiff need not present testimony from the custodians of Plaintiff's medical records. The Court partially grants Plaintiff's request to defer ruling on Defendant's objections to Dr. Lipton's testimony.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Portions of Mitchel Lipton, M.D.'s Trial Testimony (Doc. 138) is **partially granted and partially denied**, as set forth above.

Dated this 15th day of September, 2023.

_____
Honorable Rosemary Márquez
United States District Judge